UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN, CDCR #V-22349,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>P. BRACAMONTE, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:17-cv-00545-BEN-RBB<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

TONY BLACKMAN (Plaintiff), currently incarcerated at Richard J. Donovan Correctional Facility (RJD) in San Diego, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Eastern District of California on March 10, 2017 (ECF No. 1). On March 20, 2017, United States Magistrate Judge Allison Claire transferred the action to the Southern District of California pursuant to 28 U.S.C. § 1406(a) (ECF No. 5).

///

While far from clear, Plaintiff's Complaint alleges RJD officials have "wrongfully reject[ed] and cancell[ed]" his grievances, (ECF No. 1 at 3-5, 6), and have refused to "double-cell" him with white, black, or Mexican inmates "in his weight division," based on their "extreme fear of losing there [sic] powers." (*Id.* at 4, 6.) In other portions of his pleading, Plaintiff claims he is being "falsely imprisoned" due to a "cover up" (*id.* at 6), and that a former San Joaquin County Deputy District Attorney is "secretly hiding inside the chief inmate appeal office building in Sacramento" and employing a "scientific technology breakthrough nuclear power radio transmitter magnetic pulse weapon" that "feed[s] off the telephone power lines that allow cell phone communication" to "control people[']s] conscious mind[s] and impulse feeling." (*Id.* at 25.)[1]

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed this case in the Eastern District; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). Judge Claire did not rule on Plaintiff's IFP Motion, nor did she screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) or § 1915A prior to its transfer.

## I. Motion to Proceed IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face … additional hurdle[s]." *Id.*

Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee" in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended

---

[1] Plaintiff appears to supplement these allegations in a document filed on April 26, 2017, in support of his Complaint (ECF No. 10). In this filing, Plaintiff repeats his "magnetic pulse weapon" allegations, and claims they are being used by a "light[-]skin[ned] black female U.S. Army Sgt." as "pressure bombs" to "keep[] Plaintiff falsely imprisoned." (*Id.* at 1-3.)

section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereinafter "*Cervantes*") (stating that under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013))).

Once a prisoner has accumulated three strikes, he is simply prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he

alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

## II. Application to Plaintiff

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as noted above, Plaintiff's Complaint seeks to sue RJD officials as a group for "reject[ing] and cancel[ling] [his] appeal grievance complaint," (ECF. No. 1 at 3, 5), and for failing to "double-cell" him because they fear "losing there [sic] power" over him. (*Id.* at 4.) None of Plaintiff's allegations plausibly suggest, however, that he faced any imminent danger at the time of filing either because his grievances were allegedly handled improperly, or because his current housing assignment places him at any risk whatsoever. Moreover, in other portions of Plaintiff's pleadings, he makes claims related to "nuclear power space satellite radios," "radio waves pressure bombs," and "magnetic pulse weapon[s]" that are plainly delusional. (*Id.* at 25-26; ECF No. 10 at 1-3.) *See, e.g.*, *In re Gonzalez*, 2008 WL 666465 at *2-3 (N.D. Cal. March 6, 2008) (finding prisoner with a "delusional tale" of having a "special genetic structure," and being "irradiated … by radioactive smoke" by "government scientists," did not plausibly allege "imminent danger of serious physical injury."); *Holz v. McFadden*, 2010 WL 3069745 at *3 (C.D. Cal. May 21, 2010) (finding "imminent danger" exception to § 1915(g) inapplicable where prisoner implausibly claimed the FBI and BOP were "going to kill him"); *Sierra v. Woodford*, 2010 WL 1657493 at *3 (E.D. Cal. April 23, 2010) (finding "long, narrative, rambling statements regarding a cycle of violence, and vague references to motives to harm" insufficient to show Plaintiff faced an "on-going danger" as required by *Cervantes*).

///

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, Tony Blackman, identified as CDCR Inmate #V-22349, has had at least six prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

1) *Blackman v. Hartwell, et al.*, No. 1:99-cv-05822-REC-HGB (E.D. Cal. Jan. 19, 2001) (Findings and Recommendations ["F&R"] re Dismissal of Action) (ECF No. 9 at 2) ("[T]he court recommends dismissal of the claims made in the original complaint with prejudice for failure to state a federal claim upon which the court could grant relief."); (E.D. Cal. March 12, 2001) (Order Adopting F&R "in full" and dismissing action "for failure to state a claim upon which relief can be granted.") (ECF No. 10 at 2) (strike one);

2) *Blackman v. Medina*, No. 3:05-cv-05390-SI (N.D. Cal. March 13, 2006) (Order of Dismissal without leave to amend pursuant to 28 U.S.C. § 1915A) (ECF No. 5 at 5) ("[N]either the complaint nor the amended complaint state a claim upon which relief may be granted.") (strike two);

3) *Blackman v. Variz*, No. 3:06-cv-06398-SI (N.D. Cal. Dec. 18, 2006) (Order of Dismissal per 28 U.S.C. § 1915A) (ECF No. 5 at 5) ("[N]either the complaint nor the amended complaint state a claim upon which relief may be granted.") (strike three);

4) *Blackman v. Taxdahl, et al.,* No. 1:04-cv-06389-AWI-LJO (E.D. Cal. Feb. 27, 2007) (F&R to Dismiss Action without leave to amend for "fail[ure] to state a claim for relief under section 1983.") (ECF No. 8 at 5); (E.D. Cal. May 18, 2007) (Order Adopting F&R "in full" and "Dismissing Entire Action.") (ECF No. 9) (strike four);

5) *Blackman v. Mantel, et al.*, No. 3:07-cv-02609-SI (N.D. Cal. Sept. 5, 2007) (Order of Dismissal per 28 U.S.C. § 1915A) (ECF No. 4 at 4) ("[T]his action is dismissed without leave to amend because the complaint fails to state a claim upon which relief may be granted.") (strike five); and

6) *Blackman v. Evans, et al.*, No. 1:06-cv-00081-GSA (E.D. Cal. Feb. 3, 2009) (Order Dismissing Action, with prejudice, "based on plaintiff's failure to state any claims upon which relief may be granted under section 1983.") (ECF No. 18 at 2) (strike six).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

///

///

## III. Conclusion and Order

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP [ECF No. 2] as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: June 20, 2017

_____
Hon. Roger T. Benitez
United States District Judge